IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDDIE E. ABRAM, | ) | 4:14CV3106 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WAGNER, Sgt., and MCKILLIP, Cpl., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

    This matter represents one of 18 cases filed by Plaintiff Eddie Abram on May 22, 2014, concerning prison conditions at Tecumseh State Correctional Institution ("TSCI") in Tecumseh, Nebraska. This court has given Abram leave to proceed in forma pauperis in this matter. (Filing No. 8.) The court now conducts an initial review of Abram's Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

    Abram is incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. However, he was incarcerated at TSCI when he filed this action. He named two TSCI guards as Defendants, Sergeant Wagner and Corporal McKillip. (Filing No. 1 at CM/ECF p. 2.)

    Abram alleged that on October 11, 2013, Sergeant Wagner allowed Corporal McKillip to serve inmates their food when it should have been Sergeant Wagner serving the food. Abram alleged this was "out of line and very unprofessional," and done in an attempt to intimidate Abram in retaliation for the grievances he filed against Sergeant Wagner and Corporal McKillip. As relief, Abram seeks money damages in the amount of $10,000. (Filing No. 1 at CM/ECF pp. 1-5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.,* *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *Id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Abram has sued two state employees and seeks only monetary relief. To the extent he seeks to sue these employees in their official capacities, the Eleventh Amendment bars claims for damages by private parties against employees of a state sued in their official capacities.

In addition, Abram has not stated a constitutional claim upon which relief may be granted. He alleges that Sergeant Wagner and Corporal McKillip retaliated against him because he filed grievances against them. This retaliation allegedly occurred when "[Sergeant] Wagner was serving the tea and [Corporal] McKillip was serv[ing] the food when it should have been the other way around." (Filing No. 1 at CM/ECF p. 5.)

To state a viable retaliation claim, a prisoner must allege facts demonstrating that: (1) he engaged in protected activity; (2) the defendants responded with an adverse action that would chill a person of ordinary firmness from continuing in the activity; and (3) the adverse action was motivated at least in part by the exercise of

3

the protected action. *L.L. Nelson Enterprise Inc. v. Cnty. of St. Louis, Mo.*, 673 F.3d 799, 807-8 (8th Cir. 2012) (internal quotation marks omitted).

Filing a prison grievance is a protected First Amendment activity. *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). However, Abram has not alleged facts that would allow the court to draw the reasonable inference that Defendants responded with an adverse action. Abram alleges Sergeant Wagner and Corporal McKillip stood next to each other while Corporal McKillip served food and Sergeant Wagner served tea. According to Abram, it should have been Sergeant Wagner serving the food and Corporal McKillip serving the tea. The undersigned judge fails to see how these actions were retaliatory in nature or how they would deter a person of ordinary firmness from filing grievances. For instance, Abram does not allege Defendants tampered with the food or threatened to tamper with the food. Indeed, Abram does not allege that he was harmed by Defendants' conduct in any way. In short, Abram has failed to allege sufficient facts for the court to reasonably infer that Defendants violated his constitutional rights.

On the court's own motion, the court will provide Abram 30 days in which to file an amended complaint that states a claim upon which relief may be granted against Defendants. Failure to file an amended complaint will result in dismissal of this action without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1.  On the court's own motion, Abram shall have 30 days from the date of this Memorandum and Order to file an amended complaint that seeks relief from defendants who are not immune from such relief and that states a claim upon which relief may be granted. Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this action without prejudice and without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: December 8, 2014: Check for amended complaint.

DATED this 5th day of November, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5