IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDDIE E. ABRAM, | ) | 4:14CV3106 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WAGNER, Sgt., MCKILLIP, Cpl., | ) | |
| and NEBRASKA DEPT. OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Plaintiff Eddie Abram's Amended Complaint (Filing No. 13). On November 5, 2014, the court conducted an initial review of Plaintiff's Complaint (Filing No. 1). The court summarized Plaintiff's allegations as follows:

> Abram alleged that on October 11, 2013, Sergeant Wagner allowed Corporal McKillip to serve inmates their food when it should have been Sergeant Wagner serving the food. Abram alleged this was "out of line and very unprofessional," and done in an attempt to intimidate Abram in retaliation for the grievances he filed against Sergeant Wagner and Corporal McKillip.

(Filing No. 12 at CM/ECF p. 1.) The court determined Plaintiff's allegations did not state a viable retaliation claim against Wagner or McKillip. *See L.L. Nelson Enterprise Inc. v. Cnty. of St. Louis, Mo.*, 673 F.3d 799, 807-8 (8th Cir. 2012) ("To establish a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must allege (1) that it engaged in a protected activity, (2) that the defendants responded with adverse action that would chill a person of ordinary firmness from continuing in the activity, and (3) that the adverse action was motivated at least in part by the exercise of the protected activity.") (internal quotation marks omitted).

On the court's own motion, Plaintiff was given 30 days in which to file an amended complaint that stated a plausible claim for relief.

Plaintiff filed his Amended Complaint (Filing No. 13) on December 8, 2014. Plaintiff reasserted the allegations set forth in the original Complaint, and added that Defendants were aware Plaintiff suffers from intermittent explosive disorder and they should have known "the change in food servers would anger [him]." (*Id.* at CM/ECF p. 9.) Once again, Plaintiff failed to allege facts that would allow the court to draw the reasonable inference that Defendants responded to Plaintiff's filing of grievances with an adverse action. The court fails to see how the change in food servers would deter a person of ordinary firmness from filing grievances. Accordingly, the court will dismiss Plaintiff's retaliation claims against Defendants.

Plaintiff also seeks an injunction against the Nebraska Department of Correctional Services in his Amended Complaint. He seeks an order preventing the department from:

> keeping seriously mentally ill inmates, as defined in the DSM-5 who have been diagnosed as such, in segregation on a continual basis for more than 180 days, except in cases where there is a strong likelihood, as supported by evidence, the inmate will seriously injure or kill another inmate and/or staff member and/or escape from the institution.

(*Id.* at CM/ECF p. 12.) Plaintiff alleges he "spent a good portion of his sentence in segregation" when he was housed at the Tecumseh State Correctional Institution ("TSCI"), and that his condition has improved since leaving TSCI. Plaintiff alleges no other facts concerning his time spent in segregation such as how long he was housed there or the conditions of his segregation.

Plaintiff's request for injunctive relief is unrelated to his claims for relief in his Complaint and Amended Complaint. That is, the court does not construe Plaintiff's

2

Complaint or Amended Complaint to be an action alleging unconstitutional conditions of confinement. Moreover, Plaintiff is no longer incarcerated at TSCI in the segregation unit and, as a pro se litigant, he may not represent the interests of other parties. Accordingly, Plaintiff's request for injunctive relief is denied.

IT IS THEREFORE ORDERED that: Plaintiff's Complaint and Amended Complaint are dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 17th day of February, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3